IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL DAVID JONES § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3:12-CV-1031-B-BD |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Carl David Jones, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to stay and abate the proceedings until he can exhaust state remedies. Based on the relevant filings and applicable law, petitioner's motion to stay and abate should be denied, and his application should be dismissed without prejudice for failure to exhaust state remedies.

I.

A jury convicted petitioner of capital murder. Because the state did not seek the death penalty, punishment was assessed at a mandatory life sentence. Petitioner challenged his conviction and sentence on direct appeal. The state court of appeals affirmed. *Jones v. State*, No. 05-08-00925-CR, 2009 WL 3366559 (Tex. App.-- Dallas, Oct. 21, 2009, pet ref'd), *cert. denied*, 131 S.Ct. 296 (2010). On October 13, 2011, petitioner filed a state habeas application with the trial court that is currently pending. Petitioner filed this action in federal district court, requesting a stay and abeyance of the case until the Texas Court of Criminal Appeals rules on his state habeas application. Respondent has filed a preliminary response in which he argues that a stay is inappropriate, and

seeks dismissal because this case is barred by the AEDPA statute of limitations. Petitioner submitted a reply brief that was received on September 21, 2012.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990).

Petitioner's application for state post-conviction relief remains pending and his claims have not been considered by the Texas Court of Criminal Appeals. Because petitioner has not presented his claims to the highest available state court, he has failed to exhaust his state remedies. *See, e.g. Holden v. Thaler*, No. 3:10-CV-656-G, 2010 WL 2303254 at *1 (N.D. Tex. May 6, 2010), *rec. adopted*, 2010 WL 2303252 (N.D. Tex. June 4, 2010) (dismissing federal habeas petition as unexhausted where state writ was pending in the state convicting court).

III.

Petitioner seeks a stay and abeyance of this action while he exhausts his administrative remedies. Where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally

dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). In *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005), the Supreme Court suggested that a habeas petitioner could file a protective federal petition and move to stay and abate the proceedings pending exhaustion when it was uncertain whether his pending state petition would be considered timely, thereby statutorily tolling the AEDPA one-year time limit. *Id*. It found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines. Id.*

Texas has no limitations period for a state habeas application under article 11.07 of the Texas Code of Criminal Procedure, so petitioner's state habeas application will not be considered untimely. *Wright v. Thaler,* No. 3-11-CV-1084-K-BH, 2011 WL 2678923 at *3 n.1 (N.D. Tex. June 15, 2011), *rec. adopted,* 2011 WL 2679003 (N.D. Tex. July 7, 2011). A "petitioner with notice that his claims are, in fact, still pending in state court has no reason to run to federal court and file a federal habeas petition[.]" *Id.* (*quoting Williams v. Thaler,* 400 F. App'x 886, 892 (5th Cir. 2010)) (denying motion to stay and abate where petitioner would have five days left on the AEDPA clock after his applications are decided). Because petitioner has no reason to believe that his Texas habeas application – if properly filed within the one year limitations period – is not subject to statutory tolling, his motion to stay and abate is unnecessary to protect his ability to file a timely federal habeas application once his state remedies are fully exhausted.[1] Accordingly, his motion to stay and abate should be denied.

## **RECOMMENDATION**

Petitioner's motion for stay and abeyance [doc. #3] should be denied. Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

---

[1] Respondent urges that dismissal is appropriate because this case is barred by the AEDPA statute of limitations. Because petitioner has failed to exhaust state remedies and is not entitled to stay and abeyance, the court does not reach the limitations issue.

DATED: October 1, 2012.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE